# CV 14-5570

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTHONYARMSTRONG,

                Plaintiff,

     -v-

THE CITY OF NEW YORK and New York City
Police Department ("NYPD") Sergeant WILLIAM
KONG, NYPD Officer ("P.O.") VINCENT
GIAMBALVO and P.O. DELARE RATHOUR, in
their individual capacities;

                Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Index No.

Plaintiff ANTHONYARMSTRONG, through his attorney DAVID B. RANKIN of Rankin & Taylor, PLLC as and for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff ANTHONY ARMSTRONG's rights were violated when officers of the NEW YORK CITY POLICE DEPARTMENT ("NYPD") unconstitutionally and without any legal basis charged him with criminal possession of a controlled substance and used unlawful force against him. By reason of defendants' actions, including the unreasonable and unlawful seizure of plaintiff's person, he was deprived of his constitutional rights.

3. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of theFourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Eastern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

7. Plaintiff ANTHONY ARMSTRONG ("Mr. ARMSTRONG") was at all times relevant to this actiona resident of the County of Kings in the State of New York.

8. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintaina police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance ofa police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. Defendants NYPD Sergeant ("Sgt") WILLIAM KONG ("KONG") and NYPD Officer ("P.O.") VINCENT GIAMBALVO ("GIAMBALVO") and P.O. DELARE RATHOUR ("RATHOUR") (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

10. The individual defendantsare being sued herein in their individual capacities under federal law.

2

11. At all times relevant herein, the individual defendantswere acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duty. They wereacting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employeesand agents of the NYPD.

12. The officer-defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of Mr. ARMSTRONG's rights.

13. At all relevant times, the officer-defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

### STATEMENT OF FACTS

14. Early in the morning on July 3, 2013, Mr. ARMSTRONG left his apartment to go to a deli near the corner of Nostrand Avenue and President Street, in Kings County, in the City and State of New York.

15. At the time and place described supra, the individual defendants stopped Mr. ARMSTRONG.

16. Officers asked Mr. ARMSTRONG to return to the precinct with them.

17. Mr. ARMSTRONG attempted to leave the area.

18. Sgt. KONG jumped on Mr. ARMSTRONG and gratuitously and unnecessarily forced his face into the ground causing injury.

3

19. Officers GIAMBALVO and RATHOUR failed to intervene to stop Sgt. Kong's excessive use of force against Mr. Armstrong, despite the opportunity to do so.

20. As a result of defendant Officer KONG's use of excessive force against him, Mr. ARMSTRONG experienced pain and trauma to his jaw.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF RIGHTS
### UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
### (Against all Defendants)

21. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

22. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by theFourth, and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person by the use of excessive force; (b) and by failure to intercede in the above complained of conduct.

23. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

### SECOND CLAIM
### LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL
### VIOLATIONS – 42 U.S.C. § 1983
### (Against Defendant City of New York)

24. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

25. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

26. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including individual defendants, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

27. The policies, practices, customs and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

28. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

29. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a.    That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

b.    That he be awarded punitive damages against the individual defendants; and

c.    That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d.    For such other further and different relief as to the Court may seem just and proper.

Dated:      September 18, 2014
              New York, New York

Respectfully submitted,

By:      _____

David B. Rankin
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 1007
Ph:212-226-4507

6